UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENITA M. CHEATOM,

    Plaintiff,

  v.

Case No. 13-12440
HON. TERRENCE G. BERG

BANK OF AMERICA, and FEDERAL
NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.
_____/

## ORDER GRANTING
## TEMPORARY RESTRAINING ORDER

On August 2, 2013, the parties filed a stipulation dismissing Defendants Bank of America ("BOA") and Federal National Mortgage Association ("Fannie Mae") without prejudice (Dkt. 15). On February 6, 2014, Plaintiff filed a Motion to Vacate the Stipulation of Dismissal, and attached documentation that appears to show that the stipulation of dismissal was the product of an agreement between the parties, whereby Defendants agreed to negotiate in good faith regarding the possibility of a short sale of the subject property. (*See* Dkt. 28, Exs.)

At present, the Court has only the documentation attached to Plaintiff's Motion to Vacate the Stipulation of Dismissal (Dkt. 28), but a review of those records raises sufficient questions of fairness so that the Court will construe Plaintiff's filing as a request for a temporary restraining order.

In particular, the attached documentation suggests that Defendants may have: (1) interposed numerous obstacles that prevented Plaintiff from arranging a short sale of the property; (2) rejected/refused to accept a short sale offer after initially implying such an offer would be acceptable; (3) refused to accept an outright purchase offer that Defendants' counsel appeared to have stated would be acceptable to Defendants; and (4) refused to provide Plaintiff with any price Defendants would accept for either a short sale or outright purchase.

Plaintiff also asserts that once the parties' negotiations failed, Defendants sought and obtained a state court order authorizing Plaintiff's eviction from the subject property, which is said to be likely to take place on Monday, February 10, 2014. (*See* Dkt. 29, p. 6).

In light of these circumstances, the Court finds that Plaintiff is likely to succeed on her motion to re-open this case, and that alleged imminent eviction from her home poses a high likelihood of irreparable harm. Moreover, balancing the risk of harm to Defendants, it is clear that an Order temporarily delaying Plaintiff's eviction causes no harm to Defendants. Finally, in light of the seemingly inequitable conduct alleged, such an injunction would be in the public interest,

THEREFORE, IT IS ORDERED:

(I) Pursuant to Federal Rule of Civil Procedure 65, Plaintiff's Motion for Temporary Restraining Order (Dkt. 29) is GRANTED.

(II) Until further notice from this Court—or for a period of 14 days; whichever occurs first—Defendants are hereby ordered, enjoined and restrained,

whether alone or in concert with others, including any officer, agent, assignee, successor, representative and/or employee of Defendants, from:

> Taking any action to effect the eviction of Plaintiff from the real property commonly known as 32259 Augusta Dr. 38, Romulus, MI 48174.

(III)  The parties are required to appear before the Court telephonically for a status conference on this matter on Tuesday, February 11, 2014 at 10:00 AM. Counsel for Defendant Bank of America shall initiate the call and include the Court when all parties are present.

(IV)  Attorney Maria Z. Vathis, of BRYAN CAVE LLP, an attorney for Defendants, is also directed to attend the telephonic conference.

Dated:  February 7, 2014

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on February 7, 2014, using the CM/ECF system, which will send notification to the parties; Attorney Maria Z. Vathis was also served via email at maria.vathis@brayancave.com.

s/A. Chubb
Case Manager